IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. BROWN,<br><br>   *Plaintiff,*<br><br> v.<br><br>PORT AUTHORITY TRANSIT CORPORATION,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 25-3008 |

**Pappert, J.**                           **September 11, 2025**

**MEMORANDUM**

  *Pro se* Plaintiff Jason L. Brown sued his employer, Port Authority Transit Corporation, under Title VII of the Civil Rights Act of 1964 alleging retaliation and hostile work environment. PATCO moves to dismiss Brown's Complaint on the grounds that it fails to state claims. The Court grants the motion and will allow Brown to amend his Complaint consistent with this Memorandum and the accompanying Order.

I

  Brown used the Court's form Complaint, checking the box indicating that he brings claims under Title VII of the Civil Rights Act of 1964. (Form Compl. at 1, Dkt. No. 1.) For discriminatory conduct alleged, Brown checked boxes for: "[f]ailure to stop harassment," "[u]nequal terms and conditions of [his] employment," and "[r]etaliation." (*Id.* at 2–3.) To provide the factual basis for his claims, he attached to his Complaint (among other things) a document called "Plaintiff's Complaint against Defendant and Request for Relief," a charge of discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC"), and a November 2024 email he sent to a PATCO

1

employee. *See* (Compl. ¶¶ 1–25, Dkt. No. 1); (EEOC Charge of Discrimination at 3–5, Dkt. No. 1-1); (Email from Jason L. Brown to John Rink at 6–7, Dkt. No. 1-1).

Brown began working for PATCO as a custodian in 2019 and is now the senior custodian on the night shift. (Compl. ¶¶ 5, 12.) In November of 2024, he emailed John Rink, a PATCO general manager, expressing "concern about overtime and how it was being distributed [among] the custodians." (*Id.* ¶¶ 2, 9); *see also* (Email from Jason L. Brown to John Rink at 6–7). Though Brown's allegations about PATCO's overtime distribution practices are unclear, their gravamen appears to be that PATCO did not permit night shift custodians to work as many overtime hours as morning shift custodians. (Compl. ¶ 8); (Email from Jason L. Brown to John Rink at 7). Sometime after Brown emailed Rink, a PATCO director "made [the] decision to reduce overtime for night shift custodians." (Compl. ¶ 17.) This decision "made it so [that] all night shift staff, [Brown] included, no longer had access to overtime." (EEOC Charge of Discrimination at 3.) Yet "all morning staff [are still] able to earn overtime." (*Id.*)

Brown's Complaint asserts claims against PATCO for retaliation and hostile work environment under Title VII.[1] Count I pleads two theories of retaliation. First, Brown claims, a PATCO director reduced overtime opportunities for night shift custodians because Brown complained to Rink about how overtime "was being

---

[1]   Before bringing suit in federal court under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. *Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th 219, 221 (3d Cir. 2024). If the EEOC decides not to pursue the charge, it notifies the plaintiff, typically via a notice of right to sue letter. *Id.* Brown filed a charge of discrimination with the EEOC on April 1, 2025. (Form Compl. at 4.) The EEOC notified Brown that it would not pursue his charge via a notice of right to sue letter issued the following day, April 2, 2025. (Determination and Notice of Rights at 1, Dkt. No. 1-1.) Brown states that he received this letter from the EEOC on April 2, 2025. (Form Compl. at 4.) A copy of the letter, which is attached to the Complaint, states that issuance of the notice would enable Brown to file suit in federal court "within 90 days of [his] receipt of [the] notice." (Determination and Notice of Rights at 1.) Brown timely filed this lawsuit, on June 11, 2025.

distributed [among] the custodians." (Compl. ¶¶ 2, 17–20.) Second, Brown alleges, a PATCO director reduced overtime opportunities for night shift custodians because Brown previously sued either PATCO or a PATCO employee for discriminatory conduct. (*Id.* ¶¶ 14, 17). Count II alleges hostile work environment. To support this claim, Brown contends that after he emailed Rink, morning shift custodians engaged in abusive and harassing behavior by intentionally leaving trash on the ground for night shift custodians to clean. (*Id.* ¶¶ 11, 15.) He also claims a morning shift custodian broke into his locker and stole his cleaning supplies. (*Id.* ¶ 21.)

II

The Court assesses the sufficiency of a pleading before discovery under Federal Civil Rules 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted). In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2. Because Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III

### A

Title VII prohibits an employer from retaliating against an employee because that employee "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding. 42 U.S.C. § 2000e-3(a). To state a plausible claim for retaliation, Brown must allege facts to show (1) he engaged in protected activity, (2) he later suffered an adverse employment action, and (3) there was a causal link between the protected activity and the employer's action. *Connelly*, 809 F.3d at 789.

### 1

Brown alleges a PATCO director reduced overtime for night shift custodians because Brown emailed Rink about how "overtime was being distributed [among] the

custodians." (Compl. ¶¶ 2, 9–11.)  Brown fails to allege sufficient facts to support (at least) two required elements of a retaliation claim: protected activity and causation.

First, an employee engages in protected activity if he "oppose[s]" an employment practice that Title VII forbids.  42 U.S.C. § 2000e-3(a); *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006).  An informal complaint may qualify as protected activity if it "protest[s] what an employee believes in good faith to be a discriminatory practice" made unlawful by Title VII.  *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996).  To determine whether a plaintiff complained about a discriminatory practice under Title VII, the Court must focus on the "message" he conveyed to his employer.  *Moore*, 461 F.3d at 343.

Brown says he engaged in protected activity when he emailed Rink about PATCO's overtime practices.  *See* (Compl. ¶¶ 2, 9–11) (alleging that PATCO reduced overtime for night shift custodians "in retaliation" for his "concern about overtime and how it was being distributed [among] the custodians").  Yet Brown's email did not oppose, or protest, something that Title VII proscribes—discrimination based on race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2(a)(1).  The email states that night shift custodians were "being treated unfairly" because PATCO permitted morning shift custodians to work overtime more than night shift custodians.  (Email from Jason L. Brown to John Rink at 7.)  This is a "[g]eneral complaint[] of unfair treatment" unconnected to race, color, religion, sex or national origin, so the email does not "implicate an employment practice made illegal by Title VII."  *Davis v. City of Newark*, 417 F. App'x 201, 203 (3d Cir. 2011) (per curiam).

Second, even if Brown engaged in protected activity and later suffered an adverse employment action in the form of overtime reduction, he fails to show a causal link between the protected activity and the employer's action. To establish causation, Brown must show one of four things: (1) a "temporal proximity" between the protected activity and adverse action that is "unusually suggestive of retaliatory motive," (2) a "pattern of antagonism" towards him after he sent his email, (3) inconsistencies in the employer's explanations for the adverse action, or (4) other facts from which the Court could infer causation. *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (internal quotation marks and citations omitted); *Connelly*, 809 F.3d at 789, 793; *Petril v. Cheyney Univ. of P.A.*, 789 F. Supp. 2d 574, 581–82 (E.D. Pa. 2011).

Brown fails to plead sufficient facts to support any theory of causation. He does not allege the specific temporal proximity between his email and the decision by the PATCO director to reduce overtime for night shift custodians. He does not plead facts showing that PATCO engaged in a pattern of antagonism after his email and before the overtime reduction decision. He shows no inconsistent explanations by PATCO for the decision to reduce overtime for night shift custodians. And he pleads no other allegations from which the Court could infer causation.

2

Under his second retaliation theory, a PATCO director reduced overtime for night shift custodians because Brown previously sued either PATCO or one of its employees for discriminatory conduct. (Compl. ¶¶ 14, 17.) Brown does not allege sufficient facts to support a causal link between his lawsuit and the overtime reduction decision.

Brown arguably alleges sufficient facts to show protected activity and an adverse employment action. A plaintiff has engaged in protected conduct if he "participated in" a Title VII "proceeding." 42 U.S.C. § 2000e-3(a). Brown claims he took "action against [PATCO] in [the] past which may have contributed" to the decision by the PATCO director to reduce overtime for night shift custodians. (Compl. ¶ 14.) And reading his allegations liberally, he suggests he sued either PATCO or a PATCO employee for discriminatory conduct made unlawful by Title VII. (*Id.* ¶¶ 14, 17.)

Yet even if Brown engaged in protected conduct by suing PATCO (or its employee) for discriminatory conduct and later suffered an adverse employment action in the form of overtime reduction, he fails to demonstrate a link between the lawsuit and the overtime reduction decision. He states no details of his previous lawsuit: who in particular he sued, when he sued, or why. He does not allege the temporal proximity between the lawsuit and the decision to reduce overtime for night shift custodians. He fails to allege facts showing that PATCO (or any of its employees) engaged in a pattern of antagonism after he filed his lawsuit. And he pleads no other facts from which the Court could infer that he lost overtime opportunities because of his lawsuit.

B

Brown next alleges PATCO subjected him to a hostile work environment because, after he emailed Rink about overtime, morning shift custodians left trash for night shift custodians to clean and a morning shift custodian stole cleaning supplies from him. (Compl. ¶¶ 15, 21.) Title VII prohibits "the creation of a hostile work environment" on the basis of an employee's race or sex. *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013); *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005). To

state a plausible claim for hostile work environment, Brown must allege facts to show (1) he suffered intentional discrimination because of his race or sex, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of *respondeat superior* liability.  *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

Brown fails to state a plausible claim because he does not allege sufficient facts to support at least three of these elements.  First, he fails to show intentional discrimination because of race or sex.  Aside from his own subjective belief, no allegations permit the inference that Brown suffered discriminatory harassment.  He fails to allege any facts suggesting that morning shift custodians left trash on the ground for him to clean and stole from him because of his race or sex.

Second, Brown fails to allege facts which could establish that the harassment was severe or pervasive.  Title VII does not create a workplace "civility code."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation marks and citation omitted).  To succeed, Brown must show that his "work environment was so pervaded by discrimination that the terms and conditions of employment were altered."  *Vance*, 570 U.S. at 427.  The indignities that Brown claims to have suffered fall short of that bar.  He, again, offers two: morning shift custodians made his "work environment noticeably trashy" and a morning shift custodian broke into his locker and stole cleaning supplies from him.  (Compl. ¶ 21.)  These incidents do not reflect behavior that was physically threatening, severe or humiliating; they instead reflect "ordinary tribulations" that accompany social interactions in the workplace.  *Faragher*, 524 U.S. at 788 (quotation

8

marks and citation omitted). Though they may have seemed offensive to Brown, they simply do not paint a picture of an environment teeming with "extremely serious" harassment that altered Brown's entire working environment. *Id.*

Third, Brown fails to show *respondeat superior* liability. An employer may be held liable for harassment by one of the victim's non-supervisory coworkers in two instances: (1) the employer failed to provide a reasonable avenue for complaint or (2) the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action. *In re Tribune Media Co.*, 902 F.3d 384, 400 (3d Cir. 2018). Here, Brown premises his hostile work environment claim on conduct by morning shift custodians—his non-supervisory coworkers. Yet he does not allege facts to show that PATCO failed to provide an avenue for him to complain about their behavior. Nor does he allege facts to show that PATCO knew or should have known about their behavior and failed to take action.

## IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

9

Granting leave to amend would not cause undue delay or prejudice, and the Court cannot say at this point that amendment would be futile. Brown may amend his complaint if he can allege facts which could overcome the shortcomings identified in this Memorandum.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.